FILED
October 23, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002174522

**7**

MICHAEL P. DACQUISTO, ESQ.
State Bar Number 84894
1901 Court Street
Redding, California 96001

Telephone: (530) 244-6007
Fax:       (530) 244-0907

Proposed Attorney for John Reger, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | николаNO. 09-42219-B-7 |
| ROSENAU INVESTMENTS, INC. | DCN: MPD-1 |
| **Debtor** / | NO HEARING REQUESTED |

JOHN REGER'S EX PARTE APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ATTORNEY; DECLARATION OF MICHAEL P. DACQUISTO

John Reger (hereafter Reger) the chapter 7 trustee requests an order authorizing employment of Michael P. Dacquisto (hereafter Dacquisto) as attorney for the estate, pursuant to 11 U.S.C §327.

1. Reger has determined he needs legal assistance and counsel to help him in administering this estate.

2. In selecting Dacquisto as counsel for the estate Reger has made a careful and diligent inquiry into his qualifications and connections to the parties and creditors. Dacquisto will be assisting Reger with respect to providing general counsel services to the bankruptcy estate.

3. Reger believes Dacquisto to be both experienced and competent in matters relating to bankruptcy law practice. To the best of Reger's knowledge, Dacquisto is a disinterested person as defined by the appropriate statute and has no connections with

the debtor, creditors, or any other party in interest, or the respective attorneys or accountants for such entities, or with the United States Trustee's office or its employees, and he has no interests adverse to the estate, other than as set forth in his declaration.

4. Dacquisto has represented both secured and unsecured creditors and other interested parties in the bankruptcy court, has previously represented Reger and other chapter 7 trustees in bankruptcy matters and is a chapter 7 trustee himself.

5. Reger has employed Dacquisto as counsel for the estate in this case pursuant to the hourly fee retainer agreement attached as Exhibit "A" to the declaration of Michael P. Dacquisto, set forth below, subject to the approval of this court. Reger first contacted Dacquisto on October 20, 2009 about this matter. This application is being filed as soon as reasonably practical after that date.

Based on this request and the accompanying declaration, Reger requests an order approving the employment of Dacquisto to represent and assist him in this case.

Date: October 21, 2009

_____
John Reger

**DECLARATION OF MICHAEL P. DACQUISTO IN SUPPORT OF TRUSTEE'S EX PARTE APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ATTORNEY**

I, MICHAEL P. DACQUISTO, declare:

1. I am an attorney licensed to practice by the California Supreme Court and admitted to practice before this court.

2. In the past I have represented secured and unsecured creditors and other chapter 7 trustees in motions and adversary proceedings before this court. I am also a chapter 7 trustee.

3. I have reviewed the petition, schedules, statement of financial affairs and creditor listings filed by the debtor in this case. To the best of my knowledge, I do not have any connections with the debtor, creditors or other parties in interest, the respective attorneys and accountants for those persons and entities, the United States Trustee or

any person employed in the office of the United States Trustee other than as set forth below. In my capacity as a chapter 7 trustee I am supervised and reviewed by the United States Trustee, but nothing in that relationship will affect my representation of the estate in this matter.

4. In May 2008 I attended a meeting at the request of creditor Tom Kurth. At that meeting were Mr. Kurth, Jerry Boyer, Tim Rayl, Dennis Riley, James Hull, Leanne Weber and William Weber. The meeting involved discussions concerning investments these persons had with the debtor and at least one related entity. I was not retained by anybody at that meeting or thereafter to represent them. I also attended a meeting with several of these creditors, and the debtor and the debtor's then counsel Gary Brickwood in May 2008. I was not retained by anybody at that meeting or thereafter to represent them. I attended one large meeting with more than 30 creditors who had invested with the debtor sometime in May 2008. I did not speak at that meeting or participate in any substantive way. I was not retained by anybody at that meeting or thereafter to represent them.

5. I was retained by creditor Tom Kurth in May 2009 to represent him in connection with two matters that did not directly involve the debtor, but arose from actions undertaken by the debtor. The debtor was not a party to those matters. Those matters have now been concluded. My representation of Mr. Kurth in those matters has ended. Nothing about my prior representation of Mr. Kurth will affect my representation of the bankruptcy estate in this matter.

6. I have represented in the past and currently represent creditor Bob Meissner, both individually and on behalf of the company he owns in legal matters. None of those matters has involved the debtor or anything related in any way to this case or the claims in it. I have never represented Mr. Meissner in connection with his dealings with the debtor. Nothing about my representation of Mr. Meissner or his company will affect my representation of the bankruptcy estate in this matter.

7. Creditor Carol Arlin was an attorney in Redding who in the past had

referred legal matters to me to handle. She retired from practicing law in Redding and moved out of the area about three or four years ago. I have never represented her personally in any matter. Nothing about my relationship with Carol Arlin will affect my representation of the bankruptcy estate in this matter.

8. I represented a creditor named Rowan many years ago. It may have been Jane Rowan. That was about ten years ago. It was a small legal matter and I handled it for her. That matter had nothing to do with the debtor or her dealings with the debtor. Nothing about my representation of Ms. Rowan will affect my representation of the bankruptcy estate in this matter.

9. Creditor Paul Taslim is the representative for Neopost who supplies the postage meter to my office. He consulted with me about ten to twelve years ago concerning a possible legal matter. That matter did not involve anything to do with the debtor and he did not retain my services. Nothing about my relationship with Paul Taslim will affect my representation of the bankruptcy estate in this matter.

10. Creditors Melvin and Virginia Hendrickson and creditors Michael and Cheryl Carey live a few blocks from my home. I know their names and where they live because I live in the neighborhood. I have no social or business relationship with any of them. Nothing about this relationship will affect my representation of the bankruptcy estate in this matter.

11. I have been asked to represent the bankruptcy estate by providing general counsel services to it. I was first contacted by Reger about this matter on October 20, 2009. This application is being filed as soon as reasonably practical after that date. I request that any order approving my employment be effective as of October 20, 2009, the date I was first contacted about this case.

12. In connection with the court's policy of reviewing fee applications at the outset of each case to determine on which basis representation might be most appropriate, my review of the file indicates I will be assisting Reger with respect to providing general counsel services to the bankruptcy estate.

13. There appear to be assets presently available, or available in the future to pay my fee on an hourly fee basis. I have prepared an hourly fee retainer agreement with Reger that sets forth the terms on which I would agree to represent the estate. Reger agrees to have me represent the estate on this basis, subject to court approval.

I declare under penalty of perjury and under the laws of the State of California the foregoing is true and correct. Executed on October 21, 2009, at Redding, California.

                                     /s/ Michael P. Dacquisto
                                      MICHAEL P. DACQUISTO,
                                      Proposed Attorney for John Reger

## HOURLY FEE RETAINER AGREEMENT

I, the undersigned CLIENT, John Reger, retain ATTORNEY, MICHAEL P. DACQUISTO, to prosecute any legal action which CLIENT may have for the following specific purpose: providing general counsel services to the bankruptcy estate in bankruptcy case number 09-42219-B-7 and to represent CLIENT in any action(s) brought for that purpose.

FEES: ATTORNEY shall receive a FEE for his service equal to $300.00 per hour, plus reimbursement for costs advanced or incurred. This fee is not set by law. It is negotiable between ATTORNEY and CLIENT. ATTORNEY'S billing will be in minimum increments of at least one tenth (.1) of an hour per item or task. During the course of representation the hourly fee may increase, as a normal part of ATTORNEY's business.

APPEAL: ATTORNEY is under no duty to undertake an appeal. Any appeal requires a new retainer agreement.

DISBURSEMENTS AND COSTS: Costs advanced and disbursements made or incurred by ATTORNEY shall be repaid to attorney in addition to the hourly fee received.

2.    "Costs" include, but are not limited to, court filing fees, deposition fees, process service and marshal's or sheriff's charges, witness fees, expert's fees and reports, investigations, photocopying, mileage, parking, fax charges, postage or similar out-of-pocket costs.

SETTLEMENT: No dismissal or settlement shall be made without the consent of CLIENT.

ATTORNEY'S WITHDRAWAL: ATTORNEY may withdraw at any time upon written notice.

ASSOCIATED COUNSEL: ATTORNEY is authorized to associate counsel. If this is done, associated counsel will be at no additional cost to CLIENT.

GUARANTEES: It is agreed that ATTORNEY has made NO GUARANTEES regarding the successful resolution of this matter. ALL EXPRESSIONS MADE ARE MATTERS OF HIS OPINION ONLY.

MALPRACTICE INSURANCE: CLIENT has been advised ATTORNEY carries malpractice insurance.

MEDIATION: If any dispute arises in connection with this contract, or the services rendered hereunder, and that dispute can not be settled through negotiation, the parties agree they will first attempt in good faith to settle the dispute by engaging in mediation, before filing a lawsuit or making any other type of claim including, but not limited to, a legal malpractice claim. Any complaint filed in municipal or superior court by a party hereto, before the parties hereto have attempted in good faith to conduct a mediation aimed at settling any such disputes, shall be subject to a motion to strike. All parties agree to cooperate in good faith in the prompt selection of the mediator or mediators and in the setting of a mediation session. Any fees of the mediator(s) or costs associated with the mediation proceedings conducted pursuant to this clause shall be divided equally among the parties, unless the

# HOURLY FEE RETAINER AGREEMENT
Page Two

parties agree in writing otherwise.

BANKRUPTCY COURT APPROVAL: This agreement is not effective until after it has been approved by the United States Bankruptcy Court of the Eastern District of California. No fees or costs are owed under this agreement until after they have been approved by the United States Bankruptcy Court of the Eastern District of California. ATTORNEY will obtain these approvals.

MODIFICATION: CLIENT agrees ATTORNEY may seek modification of this agreement and subsequent approval by the United States Bankruptcy Court of the Eastern District of California if the facts of the situation change from those known at the outset such that it would be unfair and/or inequitable to require ATTORNEY to continue representing CLIENT at the hourly rate or under the terms referenced above.

I HAVE READ AND UNDERSTAND THIS AGREEMENT. I HAVE RECEIVED AN EXECUTED COPY OF THIS AGREEMENT.

Dated: October 21, 2009          _____
                                 John Reger, Chapter 7 Trustee

Dated: October 21, 2009          /s/ Michael P. Dacquisto
                                 MICHAEL P. DACQUISTO