Pages: 3

Fredrick E. Clement
Attorney at Law
1300 West Street, Suite C
Redding, CA 96001
(530) 229-3900
Email: fredrick@fredrickclementlaw.com
State Bar No. 132520

Attorney for Debtor Rosenau Investments, Inc.

FILED
October 27, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002181021

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>Rosenau Investments, Inc.<br><br><br>Debtor(s). | Case No. 2009-42219<br><br>DCN: FEC-1<br><br>Date: No hearing requested<br>Time: No hearing requested<br>Loc.: Courtroom 33, Dept. B<br>501 I Street, 6th Floor<br>Sacramento, CA 95814<br>Judge: Thomas C. Holman |

**Ex Parte Motion to Convert
Case from Chapter 7 to Chapter 11**

## Introduction

On October 13, 2009, the Debtor filed a petition pursuant to Chapter 7 of Title 11 of the United States Code. The skeletal petition was filed on an emergency basis to preclude a Writ of Attachment from curing, and preserving the Debtor's rights under Section 547 of the Bankruptcy Code. Because of the need for speed, the Debtor did not have the opportunity to find counsel willing to undertake a Chapter 11 case. The Debtor was able to enlist the service of Dennis Cowan, attorney at law, who indicated a willingness to take the case only as a Chapter 7. The Debtor has now located other counsel willing to undertake the Chapter 11 and prays conversion.

## Memorandum of Points and Authorities

**I.  Motions to convert a case from Chapter 7 to Chapter 11 may be made on an ex parte basis.**

Conversion from Chapter 7 to Chapter 11 requires a motion. (FRBP 1017(f)(2)) Ordinarily deemed a matter of right, the motions are granted without hearing, unless otherwise ordered by the court. (FRBP 1017, Adv. Comm. Note 1987; In re Porras, 188 B.R. 375, 377-378 (Bankr. W.D. Tex. 1995))

**II.  Chapter 7 Debtors may convert to Chapter 11.**

Section 706(a) authorizes conversion from Chapter 7 to Chapter 11, "The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title..." (see e.g., In re Porras, 188 B.R. 375, 377-378 (Bankr. W.D. Tex. 1995) (finding the Debtor had the "absolute right," or nearly so, to convert the case one time.))

Three qualifications exit. First, the Debtor may only convert the case one time as a matter of right. (11 U.S.C. §706(a)) There has been no previous conversion in this case. (Decl. of Rosenau)

Second, corporate Debtors seeking to convert may only do so after a resolution authorizing conversion. (see, March, Ahart & Tchaikovsky, California Practice Guide: Bankruptcy (Rutter Group 2007) Case Conversion and Dismissal §5:2033, p. 5(ll)-29) And that is the case here. (Decl. of

Rosenau)

Third, the Debtor must be eligible for relief under Chapter 11. (<u>Marrama v. Citizens Bank of Mass.</u>, 549 U.S. 365 (2007) (conversion denied based on Chapter 7 Debtor's fraudulent concealment of assets made him ineligible for Chapter 13 relief). Corporate Debtors are eligible for Chapter 11 relief. (11 U.S.C. §109(d)) And there is no evidence of bad faith in this instance. (Decl. of Rosenau)

**Conclusion**

The Debtor prays conversion to Chapter 11.

Dated: October 27, 2009

_____
Fredrick E. Clement
Attorney for Debtor Rosenau Investments, Inc.