**6**

MICHAEL P. DACQUISTO, ESQ.
State Bar Number 84894
1901 Court Street
Redding, California 96001

Telephone: (530) 244-6007
Fax:       (530)-244-0907

Attorney for John Reger, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | NO. 09-42219-B-7 |
| ROSENAU INVESTMENTS, INC. | DCN: MPD-6 |
| _____Debtor_____ / | Date: January 5, 2010<br>Time: 9:32 a.m.<br>Place: Courtroom 33, Dept B<br>501 I Street, 6th Floor<br>Sacramento, CA 95814 |

MOTION FOR AUTHORIZATION (1) TO SELL THE DEBTOR'S INTEREST IN REAL PROPERTY DESCRIBED AS THE PEPPER TREE INN LOCATED AT 622 NORTH PALM CANYON DRIVE, PALM SPRINGS, CALIFORNIA APN 505-303-029 INCLUDING THE MOTEL/HOTEL BUSINESS RUN AT THAT LOCATION AND THE RELATED PERSONAL PROPERTY FREE AND CLEAR OF LIENS AND (2) TO PAY A REAL ESTATE COMMISSION, COSTS OF SALE AND LIENS OF RECORD

John Reger (hereafter "Reger"), the chapter 7 trustee in this case, submits the following for the court's consideration in connection with his motion for authorization (1) to sell the debtor's interest in real property described as The Pepper Tree Inn located at 622 North Palm Canyon Drive, Palm Springs, California APN 505-303-029 including the motel/hotel business run at that location and the related personal property free and clear of liens for $1,250,000.00 and (2) to pay a real estate commission of $75,000.00 to

Page 1

Architectural Properties, Inc. for the Seller and Premier Apartment Advisors, Inc. for the Buyer, to be split 50/50 between them, costs of sale and liens of record.

## I. STATEMENT OF FACTS

These proceedings were instituted when the debtor Rosenau Investments, Inc. filed a petition under the United States Bankruptcy Code on October 13, 2009. Reger was appointed the Chapter 7 trustee.

During the course of administering the estate Reger discovered one of the assets of this estate is the debtor's interest in real property described as The Pepper Tree Inn located at 622 North Palm Canyon Drive, Palm Springs, California APN 505-303-029 including the motel/hotel business run at that location and the related personal property. Reger wishes to sell this property to generate funds for the estate and requests authorization (1) to go forward and complete this sale and (2) to pay a real estate commission, costs of sale and liens of record.

Reger has accepted an offer from Prize Group, LLC and/or assigns (hereafter "Buyer") subject to court approval and potential overbid to buy the debtor's interest in real property described as The Pepper Tree Inn located at 622 North Palm Canyon Drive, Palm Springs, California APN 505-303-029 including the motel/hotel business run at that location and the related personal property for $1,250,000.00. The offer is all cash, no financing contingency, and closing as soon as practicable after the court order approving the sale is filed. Reger understands the proposed Buyer is not related to the debtor in the instant bankruptcy estate. From the sales price deductions of (1) eight percent or $100,000.00, as an estimate for the commission, closing costs and other miscellaneous fees, (2) approximately $0.00 for deeds of trust recorded against the property, and (3) approximately $20,650.00 for estimated pro rated real property taxes will be made. This leaves an estimated recovery for the estate of approximately $1,129,350.00.

Reger believes this price is at or near the present maximum obtainable sale price for the real property. Failure to sell at this price and time may result in detriment to the estate, rather than gain. Delay may result in diminution in value of the property and potentially

increased holding costs.

Under the real estate sales contract and order approving employment of Architectural Properties, Inc. the commission to be paid is six percent of the sales price or $75,000.00. Reger requests authorization for payment of a real estate commission to Architectural Properties, Inc. for the Seller and Premier Apartment Advisors, Inc. for the Buyer, to be split 50/50 between them. The sales contract also requires payment of certain customary costs of sale and payment of liens of record. Reger requests authorization for payment of those items from the sales proceeds.

The motion requests the sale be free and clear of liens of record in favor of the County of Riverside, for real property taxes, under 11 U.S.C. §363(f)(3) because the sales price exceeds the amount of unpaid real property taxes. The motion requests the sale be free and clear of liens of record, to the extent they exist, in favor of Leanne F. Weber, in the amount of $18,825.36 and in favor of Melvin and Virginia Hendrickson, in the amount of $58,501.49. Those liens were potentially created by issuance of a Temporary Protective Order by the Shasta County Superior Court on September 14, 2009 under Code of Civil Procedure §486.10. Those liens were created within the 90 day preference avoidance period under 11 U.S.C. §547. This means they are in bona fide dispute and the sale can be made free and clear of these liens under 11 U.S.C. §363(f)(4). The motion reserves the right to request the sale be free and clear of any other liens that may be determined to exist against the real property, if allowed pursuant to the applicable section of 11 U.S.C. §363(f).

## II. MEMORANDUM OF POINTS AND AUTHORITIES

**A. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS UNDER 11 U.S.C.§363(b)(1).**

Title 11 U.S.C. §363(b)(1) provides:

> "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." (11 U.S.C. §363(b)(1))

This court's power to authorize the proposed sale under 11 U.S.C. § 363(b) is to be

exercised in its discretion. *In re Lionel Corp.* 722 F.2d 1063, 1069 (2d Cir. 1983); *In re Coastal Cable T.V., Inc.* 24 B.R. 609, 611 (Bankr. 1st Cir. 1982), rev. on other grounds, 709 F.2d 762 (1st Cir. 1983); *In re Baldwin United Corp.* 43 B.R. 888, 905 (Bankr. S.D. (Ohio 1984); *In re Ancor Exploration Co.* 30 B.R. 803, 808 (Bankr. N.D. Okla. 1983).

In Lionel, *supra*, a standard was established against which to measure the court's judicial exercise of its discretionary powers to approve a sale of assets outside the ordinary course of business under 11 U.S.C. §363(b). The *Lionel* court held that for the court to exercise proper discretion, a good business reason must be shown. Further, the court stated the discretionary power was available to further the interests of the debtor, its creditors, and its equity security holders. *Id.* at 1071.

The *Lionel* decision was adopted by the Ninth Circuit Bankruptcy Appellate Panel in *Walter v. Sunwest Bank* (*In re Walter*), 83 B.R. 14 (Bankr. 9th Cir. 1988), which approved language that the trustee must demonstrate a good business reason for selling the property.

In this case Reger has sound business reasons for selling the property. He will be able to liquidate an asset and create a fund out of which creditors will be paid. The price being paid for the property is fair and reasonable. Selling now prevents further delay, possible decrease in property value and potential additional costs associated with continued holding of the property. Under these circumstances this court's approval of the proposed sale would be a sound exercise of its discretion.

**B. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE BE MADE FREE AND CLEAR OF LIENS UNDER 11 U.S.C.§363(f).**

Title 11 U.S.C. §363(f) allows a sale free and clear of liens only if (1) permitted by non bankruptcy law, (2) the lien holders consent to such sale, (3) the proposed purchase price exceeds the total value of the liens against the property, (4) a good faith dispute concerning the validity of the liens exists, or (5) in a judicial proceeding the lien holders are compelled to accept a money satisfaction of their interest.

With respect to the estimated real property taxes owed to the County of Riverside of approximately $20,650.00, the proposed sale satisfies the third condition of the statute

because the purchase price exceeds the total value of this lien and this lien will be paid with the sale proceeds.

With respect to the liens of record, to the extent they exist, in favor of Leanne F. Weber, in the amount of $18,825.36 and in favor of Melvin and Virginia Hendrickson, in the amount of $58,501.49, as disclosed by the debtor in its schedules, those liens were potentially created by issuance of a Temporary Protective Order by the Shasta County Superior Court on September 14, 2009 under Code of Civil Procedure §486.10 in a lawsuit filed by Ms. Weber and the Hendricksons against the debtor. Those liens, to the extent they were created, arose within the 90 day preference avoidance period under 11 U.S.C. §547. This means they are in bona fide dispute because Reger has the ability to have them set aside. Consequently, the sale can be made free and clear of these two liens under 11 U.S.C. §363(f)(4).

There are presently no other liens known to Reger, but Reger reserves the right to request the sale be free and clear of any other liens that may be determined to exist against the real property, if allowed pursuant to the applicable section of 11 U.S.C. §363(f).

### III. CONCLUSION

For all the reasons set forth above Reger respectfully requests this court enter an order authorizing the following relief:

1. Authorization for Reger to sell the debtor's interest in real property described as The Pepper Tree Inn located at 622 North Palm Canyon Drive, Palm Springs, California APN 505-303-029 including the motel/hotel business run at that location and the related personal property for $1,250,000.00 free and clear of liens to Prize Group, LLC and/or assigns for $1,250,000.00 without further order of this court and to sign all documents necessary to accomplish this sale, or to any other higher bidder at the sale.

2. Approval of an overbidding procedure for the property in minimum increments of $5,000.00, or any other amount approved by the court at the hearing. All persons wishing to bid must provide Reger no later than 24 hours prior to the hearing, $50,000.00 in cash, cashier's check or certified funds plus proof of financial ability to close the sale. The winning

bidder's $50,000.00 will be non refundable. If the sale is completed by the winning bidder the $50,000.00 will be a credit towards the purchase price. If the winning bidder does not complete the sale the $50,000.00 is forfeited to the estate. The winning bidder must purchase the property under the same terms and conditions as Prize Group, LLC and/or assigns are purchasing the property, other than payment of the winning bid as the purchase price.

3. Approval for Reger to pay the following items from the sales proceeds: (1) $75,000.00 for a six percent sales commission payable to Architectural Properties, Inc., for Seller, and Premier Apartment Advisors, for Buyer, to be split 50/50, (2) closing costs and other miscellaneous fees and costs normally required of the seller of real property and as required under the real estate sales contract in the estimated amount of two percent of the sales price or approximately $25,000.00, (3) the amount necessary to satisfy pro rated real property taxes in the approximate amount of $20,650.00, (4) the amount necessary to satisfy any other valid and owing liens of record.

4. Confirmation the sale will be made free and clear of the real property tax liens of Riverside County under 11 U.S.C. §363(f)(3) because these liens are being paid in full from the sale proceeds.

5. Confirmation the sale will be made free and clear of the lien of Leanne F. Weber under 11 U.S.C. §363(f)(4) because this lien is subject to being set aside by Reger and is in good faith dispute.

6. Confirmation the sale will be made free and clear of the lien of Melvin Hendrickson and Virginia Hendrickson under 11 U.S.C. §363(f)(4) because this lien is subject to being set aside by Reger and is in good faith dispute.

7 All further relief the court believes is just and proper in this case.

Date: December 8, 2009

/s/ Michael P. Dacquisto
MICHAEL P. DACQUISTO,
Attorney for Chapter 7 Trustee,
JOHN REGER