Pages: 5

FILED
June 08, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002688310

Fredrick E. Clement
Attorney at Law
1300 West Street, Suite C
Redding, CA 96001
(530) 229-3900
Email: fredrick@fredrickclementlaw.com
State Bar No. 132520

Attorney for Debtor in Possession Rosenau Investments, Inc.

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>Rosenau Investments, Inc.<br><br>Debtor(s). | Case No. 2009-42219<br><br>DCN: FEC-13<br><br>Date: July 13, 2010<br>Time: 9:32 a.m.<br>Loc.: Courtroom 32, Dept. B<br>501 I Street, 6 Floor<br>Sacramento, CA 95814<br>Judge: Thomas C. Holman |

**Motion of Debtor in Possession
Rosenau Investments, Inc. for Sale of Real Property Described
as The Pepper Tree Inn, California Free and
Clear of Liens and to Pay Real Estate Commissions, and Costs of Sale
[11 U.S.C. §363(b)(1), (f); FRBP 2002(a)(2), 6004, 9014;
LBR 5008-1(b), 9014-1(f)(1)]**

Fredrick E.
Clement,
Attorney at
Law
1300 West St.,
Suite C
Redding, CA
96001
(530) 229-3900

Motion for Sale of Real Property Described as The Pepper Tree Inn--Motion
1

## Introduction

### A. Facts.

Debtor in Possession Rosenau Investments, Inc. is a real estate investor and a hard money broker. Each of Rosenau Investment's projects followed a similar pattern. A person interested in funds to purchase, or rehabilitate, real estate would contact the Debtor, asking for a loan and offering to pay above-market interest rates. Simultaneously, persons interested in making sub-prime real estate loans would contact Rosenau Investments, Inc. and inquire about loan opportunities. The Debtor evaluated the proposed loan and provided information about it to persons interested in making such loans, asking if they were willing to participate. Once willing borrowers with sufficient funds to make the loan were identified, each participant would write a check to Rosenau Investments, Inc., and, in turn, it would execute an unsecured promissory note in favor of the participant. Each promissory note identified the project to which the loan pertained. Using the funds, Rosenau Investments, Inc., would fund the loan, receiving an amortized promissory note secured by a deed of trust from the borrower. Each month, the real estate borrower made payments to Rosenau Investments, Inc., who distributed it to the participants.

On October 13, 2009, the Debtor owned fifteen parcels of real estate. Ten of the parcels are fully developed (nine of which are residential and one of which is a hotel ("The Pepper Tree Inn"). One of the parcels is a 17 lot subdivision (including a home which is approximately 70% complete and 16 undeveloped lots). The other four parcels are undeveloped.

### B. Procedural history.

On October 13, 2009, the Debtor filed a petition pursuant to Chapter 7 of Title 11 of the United States Code.

By order filed January 8, 2010, the case was converted to Chapter 11 and Debtor remains in possession.

No Chapter 11 plan has been filed at this juncture. Absent an order from this court, exclusivity ends May 7, 2010. The Debtor in Possession has filed a Motion to Extend Exclusivity to August 5, 2010. That motion has been noticed for May 4, 2010. Though the precise parameters of the plan have not yet been decided, the Debtor in Possession has concluded the plan will call for the liquidation of all of the Debtor in Possession's assets.

---

C.   This parcel.

The Debtor In Possession seeks authorization of this court to sell real estate described as The Pepper Tree Inn ("the property") to Ronald Van Meeteren and Norma Van Meeteren for $2,000,000.00, or to such over-bidder as the court may approve. This is a cash offer.

**Memorandum of Points and Authorities**

**I.   The court may authorize the Debtor in Possession to sell property outside of the ordinary course of business.**

The court has discretion to authorize a sale of property of the estate outside the ordinary course of business:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate...(11 U.S.C. §363(b)(1))

In ruling on a motion brought under Section 363(b)(1), the court should make two findings. First, the court needs to find a business justification for the sale. (In re Lionel Corp., 722 F.2d 1063, 1071 (2nd Cir. 1983); In re Ernst Home Ctr., Inc., 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997)) In this case there are at least two business justifications for this sale at this time. First, Rosenau Investments, Inc. is not in a position to continue operations and a plan proposed will necessarily involve the liquidation of its assets. (Decl. of Rosenau) Second, the Debtor in Possession is concerned by the continued instability, and likely continued decline, of real estate values. (Decl. of Rosenau)

Second, when the sale contemplated occurs in a Chapter 11 case for which there is not yet a confirmed plan, the court should consider whether the sale of all, or substantially all, of the Debtor's assets amounts to an attempt to circumvent the creditor protections afforded in the plan confirmation process. (In re Braniff Airways, Inc., 700 F.2d 935, 939 (5th Cir. 1983); In re Swallen's, Inc., 269 B.R. 634, 637 (6th Cir. BAP 2001)) In such cases the court should look carefully for a good business justification. In this case, in addition to the foregoing reasons, liquidation of assets and placement of assets in a blocked account, as required by LBR 5008-1(b), is consistent with any liquidating plan that might be proposed.

**II.   Method of sale.**

The court has discretion to authorize the sale under any one of three procedures: Sale through a confirmed Chapter 11 plan, public auction or private sale with an opportunity for an over-bid. (11

U.S.C. §1123(a)(5)(D); FRBP 6004(f)(1))

The Debtor has not hired a real estate professional to assist with the sale of this property. Prudential California Realtor and Nourmand & Associates are realtors representing the purchaser. They seek compensation, totaling 3% of the sale price ($60,000.00) These realtors have presented a buyer, Ronald Van Meeteren and Norma Van Meeteren, and the Debtor in Possession contends that this offer, coupled with an opportunity for over-bid by interest parties and notice to all interested parties, is an appropriate method to protect the interests of creditors.

### III. The court should authorize the sale free and clear of liens.

The court is authorized to sell an asset of the estate free and clear of liens in five instances:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if— (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. (11 U.S.C. §363(f))

In this case, the Debtor in Possession contends that the property may be sold free and clear of liens because the sale price exceeds the aggregate amount of all liens. (Exh. C) (11 U.S.C. §363(f)(3))

### IV. The court should approve realtor's commissions and closing costs.

The Debtor in Possession contends that the court should approve the payment of realtor's fees and commissions of 3% to the buyer's realtors.

Second, the Debtor in Possession estimates closing costs to be $2,369.00.

Third, the Debtor in Possession is aware of liens to the following creditors and in the following amounts: Property taxes of $22,735.62. The moving party does not dispute these liens and prays authority to pay those creditors from escrow.

**V. Net proceeds.**

The Debtor estimates that the sale will net approximately $1,915,687.18. That amount is taken directly from the Seller's Estimated Closing Statement. (Exh. D) Rosenau Investments, Inc. contends that the net proceeds be deposited into a "separate, interest-bearing blocked accounts at a federally insured depository." (LBR 5008-1(b))

**Conclusion**

The Debtor in Possession prays that the court authorize the sale of this property as set forth herein.

Dated: June __3__, 2010

_____
Fredrick E. Clement
Attorney for Debtor in Possession Rosenau Investments, Inc.