

09-42219

**FILED** NHAS

AUG – 2 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

LeeAnn O'Brien

2457 Gold St.

Redding, CA  96001

July 28, 2010

The HonorableThomas C. Holman
United States Bankruptcy Court
Courtroom 32, Dept B.
501 I Street, 6th Floor
Sacramento, CA  95814

Honorable Judge Holman:

Enclosed for your consideration are individually signed letters from investors in Rosenau Investments, Inc. who want their voices heard outside the small committee that was formed to **represent all investors**.  We as a whole believe the settlement of properties should be treated globally, not individually.

Information we have received from Rosenau Investments, Inc.  Bankruptcy Attorney indicates an effort to treat the properties individually.  This plan does not fit the majority opinion of the unsecured creditors in this case.  The committee was named by its members, **"Committee of Unsecured Creditors for Rosenau Investments, Inc."**

Please review the attached letter and the facts we have listed.  Your consideration of our request is greatly appreciated.  Thank you for your time.

Sincerely,

LeeAnn O'Brien

Enclosures

CC:  Office of U.S. Trustee
       Fredrick C. Clement, Attorney at Law

June 30, 2010

Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

    1.    Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

    2.    Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties. These loans benefitted those individuals to the detriment of the individuals making the new loans.

    3.    Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

    4.    Virtually all of the loans are unsecured. To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee. Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.

Sign _Jane Rowan,_ Date 7-9-10
Print Name _Jane Rowan, President_
_Rowan & Associates_

June 30, 2010

Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1.     Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2.     Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties. These loans benefitted those individuals to the detriment of the individuals making the new loans.

3.     Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4.     Virtually all of the loans are unsecured. To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee. Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.

Sign _Nancy Barber / Don Barber_    Date _7/1/10_

Print Name _Nancy Barber_
_Donald Barber_

June 30, 2010


Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1. Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2. Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties. These loans benefitted those individuals to the detriment of the individuals making the new loans.

3. Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4. Virtually all of the loans are unsecured. To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee. Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.


Sign _____ Date _7/2/10_

Print Name ___PAUL   TASLIM.___

June 30, 2010

Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

    1.    Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

    2.    Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties.  These loans benefitted those individuals to the detriment of the individuals making the new loans.

    3.    Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

    4.    Virtually all of the loans are unsecured.  To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee.  Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.

Sign _____  Date 7/1/10

Print Name _Larry H Hopson_

June 30, 2010


Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1.    Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2.    Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties. These loans benefitted those individuals to the detriment of the individuals making the new loans.

3.    Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4.    Virtually all of the loans are unsecured. To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee. Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.


Sign _____ Date _7/7/10_

Print Name ___Jane Rowan, Individual___

June 30, 2010


Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1.    Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2.    Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties. These loans benefitted those individuals to the detriment of the individuals making the new loans.

3.    Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4.    Virtually all of the loans are unsecured. To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee. Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.


Sign _Mary N Chambers,_ Date __7/5/10__

Print Name __MARY N CHAMBERS__

June 30, 2010

Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1.    Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2.    Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties. These loans benefitted those individuals to the detriment of the individuals making the new loans.

3.    Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4.    Virtually all of the loans are unsecured. To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee. Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.

Sign _Melvin Charles Hendrickson_ Date___ July 5, 2010

Print Name___ Melvin Charles Hendrickson _____

June 30, 2010

Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1.    Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2.    Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties.  These loans benefitted those individuals to the detriment of the individuals making the new loans.

3.    Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4.    Virtually all of the loans are unsecured. To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee.  Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.

Sign _Leanne Weber_____  Date _7-1-2010_

Print Name_ LEANNE  WEBER_____

June 30, 2010

Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1.      Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2.      Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties.  These loans benefitted those individuals to the detriment of the individuals making the new loans.

3.      Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4.      Virtually all of the loans are unsecured.  To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee.  Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.


Sign _Virginia Kay Hendrickson_ Date _July 5, 2010_

Print Name_____ Virginia Kay Hendrickson_____

June 30, 2010

Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1.    Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2.    Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties. These loans benefitted those individuals to the detriment of the individuals making the new loans.

3.    Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4.    Virtually all of the loans are unsecured. To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee. Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.

Sign _____ Date  7-7-10
Print Name  Rowan Family Foundation
Jane Rowan, President

June 30, 2010

Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1. Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2. Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties. These loans benefitted those individuals to the detriment of the individuals making the new loans.

3. Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4. Virtually all of the loans are unsecured. To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee. Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.

Sign _William G. Weber_ Date _7/6/10_
Print Name _WiLLiAM A. WEBER_

June 30, 2010

Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1.  Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2.  Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties.  These loans benefitted those individuals to the detriment of the individuals making the new loans.

3.  Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4.  Virtually all of the loans are unsecured.  To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee.  Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.

Sign _____ Date _7/6/10_

Print Name _LEEANN O'BRIEN_
_FOR BETTY CASTLEMAN TRUST_

June 30, 2010

Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1.  Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2.  Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties. These loans benefitted those individuals to the detriment of the individuals making the new loans.

3.  Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4.  Virtually all of the loans are unsecured. To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee. Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.

Sign _____ Date 7/2/10

Print Name E. ROBERT MEISSNER

June 30, 2010

Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1. Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2. Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties. These loans benefitted those individuals to the detriment of the individuals making the new loans.

3. Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4. Virtually all of the loans are unsecured. To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee. Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.

Sign _____    Date 07/06/10

Print Name _Bruce A Anderson DBPP_

_All Funds Should Go into General_
_Fund than Split up_

June 30, 2010

Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1.  Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2.  Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties. These loans benefitted those individuals to the detriment of the individuals making the new loans.

3.  Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4.  Virtually all of the loans are unsecured. To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee. Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.

Sign _Jane Rowan PTR_ Date _7-7-10_

Print Name _Jane Rowan, PTR_

_Rowan Legacy_

June 30, 2010

Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1.    Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2.    Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties. These loans benefitted those individuals to the detriment of the individuals making the new loans.

3.    Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4.    Virtually all of the loans are unsecured. To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee. Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.

Sign _Mary M. Zwaga_ Date _7-8-10_
Print Name _Mary M Zwaga_

June 30, 2010

Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1.  Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2.  Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties. These loans benefitted those individuals to the detriment of the individuals making the new loans.

3.  Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4.  Virtually all of the loans are unsecured. To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee. Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.

Sign _____  Date _7/8/10_

Print Name _GALE E. EASLEY_

June 30, 2010

Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1.  Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2.  Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties.  These loans benefitted those individuals to the detriment of the individuals making the new loans.

3.  Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4.  Virtually all of the loans are unsecured.  To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee.  Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.

Sign_____ Date_7/13/10_____

Print Name_RICHARD E. ROWAN_

ROWAN DEVELOPMENT INC

June 30, 2010

Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1.    Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2.    Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties.  These loans benefitted those individuals to the detriment of the individuals making the new loans.

3.    Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4.    Virtually all of the loans are unsecured.  To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee.  Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.

Sign _____    Date  7/13/10

Print Name  RICHARD ROWAN JR

June 30, 2010

Rosenau Investments, Inc.
Creditors Committee

Information we have received from the Rosenau Investments, Inc. Bankruptcy Attorney indicates an effort to treat the properties individually, (paying individuals who have notes identifying a particular property), rather than globally.

It is our opinion that this act would continue the injustice that was begun by Rosenau Investments, Inc.

These facts have become known:

1.  Individuals were moved to properties without their knowledge or permission rending their notes worthless if the proposal by Rosenau Investments, Inc. is accepted.

2.  Monies were borrowed by Rosenau Investments, Inc. and the individuals loans were placed on over encumbered properties to pay interest on other properties. These loans benefitted those individuals to the detriment of the individuals making the new loans.

3.  Monies were borrowed by Rosenau Investments, Inc. to pay a Rosenau family member. These loans were placed on properties that were essentially worthless.

4.  Virtually all of the loans are unsecured. To treat the loans as though they were secured would be unfair to a significant number of investors.

We request that this letter be forwarded to the Bankruptcy Trustee. Further, all individuals on the committee that have an interest in the Palm Springs Hotel property should not vote or participate in the discussion.

Sign _Phyllis A. Brauning_ Date _7-6-10_

Print Name _Phyllis A. Brauning_